HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

APPLE INC,

    Plaintiff,

v.

MOBILE STAR LLC,

    Defendant.

CASE NO. C17-1120 RAJ

ORDER

This matter comes before the Court on Apple Inc.'s ("Apple") motion to compel non-party Amazon.com, Inc. ("Amazon") to comply with a subpoena. Dkt. # 1. Amazon opposes the motion. Dkt. # 5. For the following reasons, the Court **DENIES** Apple's motion.

Apple is currently litigating against Mobile Star, LLC ("Mobile Star") in connection with the latter's alleged supply of counterfeit Apple products made available for sale by Amazon. Dkt. # 1 at 3. To obtain a preliminary injunction in the lawsuit, Apple sought expedited discovery from non-party Amazon. *Id.* at 4. Amazon complied by producing documents and making a corporate representative available for a deposition pursuant to Rule 30(b)(6). *Id.* at 4-5. After entry of the preliminary injunction, Apple and Mobile Star held their Rule 26(f) conference. *Id.* at 5.

ORDER- 1

As part of its fact-finding mission, Apple served Amazon with a subsequent subpoena for a deposition pursuant to Rule 30(b)(6). *Id.* Apple then served Amazon with an "amended" subpoena and a second subpoena. *Id.* at 5-7. Amazon responded that it would produce additional documents but refused to produce a corporate representative for a further deposition. *Id.*

Rule 30(a)(2)(A)(ii) requires a party to seek leave of court for a deposition if the parties have not stipulated to that deposition and "the deponent has already been deposed in the case[.]" Rule 30(a)(2)(A)(ii) applies equally to individuals and corporations. *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 192 (1st Cir. 2001) ("Because this second Rule 30(b)(6) subpoena was issued to GEAE without leave of the court, it was invalid."); *Blackwell v. City & Cty. of San Francisco*, No. C-07-4629 SBA (EMC), 2010 WL 2608330, at *1 (N.D. Cal. June 25, 2010) ("As a preliminary matter, the Court notes its agreement with the City that, under Federal Rule of Civil Procedure 30(a)(2), Plaintiff should have asked for leave to take a second 30(b)(6) deposition, having already noticed and taken one 30(b)(6) deposition."); *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 234 (E.D. Pa. 2008) ("Neither the text of [Rule 30(a)(2)(A)(ii)] nor the committee's note exempts Rule 30(b)(6) depositions from the leave requirement in the event of a second deposition of a party already deposed."); *see also* 7-30 JAMES WM. MORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 30.05(1)(c) ("The rule requiring leave of court to take a second deposition applies to an entity that is deposed pursuant to Rule 30(b)(6).").

Apple's arguments to the contrary are unpersuasive. First, Apple cites one case within this district that dealt with a Rule 30(b)(6) deposition within the context of Rule 30(a)(2), but that case dealt with the ten-deposition-max rule and not the rule at issue in the pending matter. *See Loops LLC v. Phoenix*, No. C08-1064 RSM, 2010 WL 786030 (W.D. Wash. March 4, 2010).

Second, Apple claims that it stipulated with Mobile Star to depose Amazon. Dkt. # 1 at 10-11. But Apple fails to cite authority showing that two parties may stipulate to depose a nonparty when that nonparty does not consent. Instead, Apple cites cases where the parties themselves have stipulated to depositions. Amazon argues that interpreting Rule 30(a)(2)(A)'s stipulation requirement in the way Apple suggests is detrimental to nonparties. Dkt. # 5 at 9. The Court agrees. Allowing parties to stipulate around the one-deposition rule would expose nonparties to potential abuse. That is, if Apple and Mobile Star were to agree to a second and third—or more—deposition of Amazon, then the burden on Amazon could be enormous.

Third, Apple avers that this Court may "divine the intent" of the presiding court to conclude that leave was granted to Apple to depose Amazon. Dkt. # 1 at 11. The Court is not so sure. The presiding court stated generally that Apple will be entitled to discovery. Dkt. # 3-4 at 5. This is not a clear grant of power to Apple to depose Amazon without leave. It is a forward-looking statement that in no way signals to this Court that the presiding court wishes to side-step the federal rules. The obvious mechanism to determine what the presiding judge had in mind was to inquire by seeking leave in that court, not by burdening this Court with guessing at the presiding judge's intentions.

Accordingly, the Court finds that Apple was required to seek leave of court before deposing Amazon a second time. Apple failed to do so. Therefore, this Court **DENIES** Apple's motion to compel. Dkt. # 1.

Dated this 4th day of August, 2017.

The Honorable Richard A. Jones
United States District Judge